

FILED

MAY - 9 2013

DAVID CREWS, CLERK
BY _____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RONALDO DESIGNER JEWELRY, INC.      PLAINTIFF

v.      CIVIL ACTION NO. 1:13CV93-D-S

MICHAEL TYREE
D/B/A LISA'S JEWELRY & GIFTS
D/B/A BENCHE JEWELER and
JOHN DOES Numbers 1 through 99      DEFENDANTS

## VERIFIED COMPLAINT
### (JURY TRIAL IS DEMANDED)

Comes now Plaintiff, Ronaldo Designer Jewelry Inc., by counsel, and for its cause of action against Defendants, Michael Tyree d/b/a Lisa's Jewelry & Gifts d/b/a Benche Jeweler and John Does Numbers 1 through 99, states as its Complaint, the following:

## INTRODUCTION

1. This is a Complaint for injunctive relief and for civil damages. Count I states a claim for Copyright Infringement pursuant to 17 U.S.C. §101 *et seq.* by and through Defendants' unlawful copying, reproduction, manufacture, importation, distribution, sale and use of Plaintiff's copyrighted works in Defendants' products which they market and sell to the public; Count II states a claim for Trademark Infringement by and through Defendants' use of Plaintiff's registered and common law trademarks; Count III states a claim for Counterfeit Trademark Infringement pursuant the Lanham Act, 15 U.S.C. § 1114 *et seq.*; Count IV states a claim for Trade Dress Infringement and Unfair Competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a), by and through Defendants' use of Plaintiff's trade dress and trademarks, Defendants' false representations, and Defendants' other acts which lead and will in the future lead the public, through mistake or deception, to believe that Defendants' competing, inferior products are

authorized or sponsored by or originate with or are otherwise associated with the Plaintiff; and Count V states a claim for Common Law Unfair Trade Practices and Unfair Competition.

## PARTIES

2.     Plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo") is a Kentucky corporation with a principal place of business located at Suite 1100, One Riverfront, 401 West Main Street, Louisville, Kentucky 40202.

3.     Upon information and belief, Defendant Michael Tyree ("Tyree") is a Mississippi resident operating a sole proprietorship doing business in Mississippi (including committing the infringing acts described herein), doing business as both Lisa's Jewelry & Gifts and Benche Jeweler, and having its principal place of business at 311 N. Main Street, Amory, Mississippi 38821. Tyree may be served with process by service at 311 N. Main Street, Amory, Mississippi 38821.

4.     John Does Nos. 1 through 99 are fictitious names for Defendant persons or business entities which have reproduced, manufactured, copied, imported, distributed, displayed, and sold the infringing works that comprise the subject of this Complaint, for or on behalf of the Defendant named at numerical paragraph 3 above, or in concert or privity with it, including said Defendant's manufacturers, importers, distributors, brokers, and vendors, and for Defendant persons, including corporate officers, directors, managers, operators, representatives, and agents, or business entities having the right to supervise the infringing activities, or having a financial interest therein. The true identities of these Defendants are yet unknown to Plaintiff.

5.     At all times relevant herein, Defendants were variously engaged in the business of manufacturing, reproducing, marketing, promoting, importing, distributing, displaying, and

selling, among other things, metal jewelry, merchandise, and materials constituting, embodying, and otherwise incorporating the infringing works that comprise the subject of this lawsuit.

6. Upon information and belief, Defendant Tyree has offered the products that are the subject of this dispute for sale in interstate commerce, including, upon information and belief, to stores or individuals in the Northern District of Mississippi, as well as in other retail outlets in other states.

## JURISDICTION AND VENUE

7. Jurisdiction is possessed by this Court pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1338 as the Complaint alleges violations of federal Copyright Law and the Lanham Act. This Court has jurisdiction over the claim for common law unfair trade practices and unfair competition herein pursuant to 28 U.S.C. §1338(b) and 1367, and under the doctrines of pendent and supplemental jurisdiction, since these claims are joined with substantial and related claims under the Copyright Laws and Lanham Act Laws of the United States. Additionally and alternatively, this Court has original diversity jurisdiction over this controversy pursuant to 28 U.S.C. §1332(a)(1), as the parties are residents of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

8. Venue in the Northern District of Mississippi is proper under 28 U.S.C. §§1391(b) and 1400(a) because Defendants reside in the Northern District of Mississippi and a substantial part of the events giving rise to these claims arose within the Northern District of Mississippi, which is sufficient for jurisdiction under Mississippi's Long-Arm Statute, and Defendants have transacted business and committed their infringing and tortious acts within the Northern District of Mississippi. In this regard, upon information and belief, Defendant Tyree is

3

and at all relevant times has been marketing and selling goods, including, upon information and belief, the infringing works that are the subject of this lawsuit within the Northern District of Mississippi directly and indirectly to individuals and entities residing and transacting business in the Northern District of Mississippi.

**COUNT I**

**<u>COPYRIGHT INFRINGEMENT</u>**

9. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 8 herein as though fully set forth.

10. At all times relevant herein, Plaintiff was variously engaged in the business of manufacturing, marketing, distributing, and selling decorative jewelry and accessories.

11. In or about March, 2013, Plaintiff created its works known as "The Spring Time Bracelet" and the "The Embrace Bracelet," which are decorative bracelets, photographs of which are reproduced below, and incorporated herein by reference as Exhibit A. (These items are collectively referred to herein as "Plaintiff's Works.")

 

12. Plaintiff has been and is the sole proprietor of all right, title, and interest, including copyright, in and to the "The Spring Time Bracelet" and "The Embrace Bracelet" Works.

4

13. On or about April 26, 2013, Plaintiff applied to the United States Copyright Office to register its "The Spring Time Bracelet" Work, a copy of which application is attached hereto as Exhibit C. Plaintiff has not yet received the Federal Copyright Certificate therefor.

14. On or about April 26, 2013, Plaintiff applied to the United States Copyright office to register its "The Embrace Bracelet" Work, a copy of which application is attached hereto as Exhibit B. Plaintiff has not yet received the Federal Copyright Certificate therefor.

15. Plaintiff has learned that Defendants have been copying, reproducing, manufacturing, importing, distributing, displaying, marketing, and selling metal bracelets which are substantially similar to the protected Plaintiff's Works referenced above, photographs of which are reproduced below, and incorporated collectively herein by reference as Exhibit D (These items are collectively referenced herein as the "Infringing Merchandise").



16. Defendants individually, or by and through their agents, employees, and representatives, with notice of Plaintiff's right, title, and interest in and to Plaintiff's Works, and

without Plaintiff's authorization, have used Plaintiff's Works to manufacture, reproduce, copy, publish, display, distribute, transmit, sell, and otherwise market their Infringing Merchandise.

17.     Upon information and belief, Defendants willfully and deliberately infringed said Plaintiff's copyright by copying Plaintiff's Works, and manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market Defendants' Infringing Merchandise and, thus, using Plaintiff's Works without authorization, all to Plaintiff's detriment.

18.     Upon information and belief, Defendants have copied, manufactured, reproduced, imported, published, displayed, distributed, transmitted, marketed, promoted, and sold the Infringing Merchandise and will, unless restrained, continue to do so in the future.

19.     Defendants' infringement of Plaintiff's copyrights has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT II

### TRADEMARK INFRINGEMENT

20.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 herein as though fully set forth.

21.     Plaintiff's principal, known as Ronaldo, is a master artisan and well recognized expert jewelry artist.

22.     Ronaldo is so widely recognized as an expert that he has trained at least forty-eight (48) artisans in the craft of jewelry design, many of whom have achieved the position of master craftsmen.

6

23.     Beginning in or about 1991, Plaintiff and its predecessor in interest developed nearly 900 distinctive handcrafted jewelry designs, including Plaintiff's Works, which Plaintiff sells and markets in interstate commerce (the "Ronaldo Collection").

24.     Plaintiff sells its distinctive jewelry through thousands of catalogs and other marketing materials it has distributed over the years, as well as through marketing online and at trade shows, and through its long-cultivated, specialized, and highly valuable knowledge of and relationships with decision-makers at certain jewelry retailers who are customers, or prospective customers, which Plaintiff has developed through research, trial and error, and significant investment over many years.

25.     Plaintiff and, previously, Plaintiff's predecessor in interest marketed the Ronaldo Collection lines of jewelry and accessories since their creation and Plaintiff continues to design and market new lines.

26.     Plaintiff, through its predecessor in interest, adopted its distinctive RONALDO and THE RONALDO COLLECTION® trademarks (collectively referred to herein as "Plaintiff's Marks") at least as early as 1999. Commencing in or about 1999, Plaintiff's predecessor in interest, and later, Plaintiff used Plaintiff's Marks in connection with its distinctively designed jewelry and accessories, including Plaintiff's Works. Such use has been substantially exclusive and includes applying it to packaging and marketing, as well as labels and tags affixed to Plaintiff's jewelry that it has sold and marketed in interstate commerce.

27.     Since 1999, Plaintiff, initially through its predecessor in interest, has used and promoted Plaintiff's Marks in connection with its distinctive Ronaldo Collection jewelry designs and has experienced significant sales success and sold millions of items to jewelry stores and

7

major retailers generating millions of dollars in annual wholesale and retail revenue through sales in no less than thirty-five (35) states and five (5) countries.

28.     Through Plaintiff's, and, previously, its predecessor in interest's, extensive sales and marketing, through written and online marketing materials and at trade shows, as well as the marketing and relationships with jewelry stores and major retailers developed and nurtured by Plaintiff and its predecessor in interest over the last decade, consumers of Plaintiff's line of distinctive jewelry have come to recognize Plaintiff's Marks as being associated solely with and emanating solely from a single source, namely Plaintiff.

29.     At the time Plaintiff, through its predecessor in interest, entered the jewelry business, Plaintiff was the first and only business to produce and market the Ronaldo Collection line of distinctive jewelry designs in connection with Plaintiff's Marks until approximately 2012 when companies, such as Defendants began plagiarizing Plaintiff's Marks and designs.

30.     As Plaintiff's sales increased, the popularity and success of its designs increased and Plaintiff's Marks and designs became better and more widely known.  By 2012, Plaintiff's Marks and designs were so popular, recognized, and desired that third parties began to plagiarize Plaintiff's Marks and designs.

31.     Plaintiff owns and enjoys trademark rights throughout the United States in and to Plaintiff's Marks and the appurtenant goodwill associated therewith, which rights are superior to any rights Defendants may claim in and to such marks.

32.     Plaintiff's Marks are strong, unique, arbitrary, and inherently distinctive. Plaintiff's Marks are used and understood to identify Plaintiff's brand, to distinguish Plaintiff's

8

jewelry from jewelry manufactured or sold by others, and to indicate the source and origin of Plaintiff's jewelry.

33.     For over a decade, Plaintiff, and its predecessor in interest, extensively advertised and promoted its distinctive handcrafted jewelry designs, including without limitation Plaintiff's Works, using Plaintiff's Marks, and expended great time, effort, and hundreds of thousands of dollars in connection therewith.  Plaintiff promotes its distinctive handcrafted jewelry designs and Plaintiff's Marks by participating in trade shows and other display events, visiting buyers at their offices and elsewhere, through online marketing, and through the dissemination of brochures and catalogs. By offering a variety of handmade designs, Plaintiff makes it possible for devoted customers to acquire collections of handmade jewelry items, thereby building brand recognition and loyalty.

34.     As a result of Plaintiff's substantial, continuous, and extensive advertising, promotion, and sales, Plaintiff's Marks have acquired secondary meaning so that they identify Plaintiff's goods, and distinguish them from goods manufactured by others.  Plaintiff's Marks have acquired source-identifying meaning and valuable goodwill, all of which operates for the benefit of Plaintiff.  Plaintiff's Marks are widely and favorably accepted and recognized as identifying Plaintiff and its goods, or at least the goods of a single source, albeit an anonymous one.

35.     Plaintiff is the owner of a federally registered trademark for goods in International Classes 3 and 14: THE RONALDO COLLECTION® (Reg. No. 4,253,554) for jewelry and jewelry cleaning solution (referred to herein as the "Trademark Registration").  A copy of which Trademark Registration is attached hereto and incorporated herein by reference as Exhibit E.

36. Plaintiff is the owner and proprietor of all right, title, and interest in and to Plaintiff's Works and Plaintiff's Marks, including but not limited to copyright, trademark, and trade dress in the creative and original elements thereof, and it has not licensed or otherwise authorized Defendants to reproduce, manufacture, import, display, market, sell, or distribute Plaintiff's Works or any derivative work, or to reproduce, publish, display, distribute, transmit, or otherwise use Plaintiff's Marks or dress, including without limitation, in the marketing of the Infringing Merchandise.

37. Tyree is using a mark which is identical in sound, meaning, appearance, and commercial impression and otherwise substantially similar to Plaintiff's Marks in connection with the Infringing Merchandise.

38. Tyree is using a mark which is identical in sound, meaning, appearance, and commercial impression and otherwise substantially similar to Plaintiff's Marks on advertising directed to customers in connection with the Infringing Merchandise by stating that its bracelets are "RONALDO DESIGNER JEWELRY." A copy of such advertising was previously attached hereto and incorporated herein by reference as Exhibit D.

39. Tyree's Infringing Merchandise is virtually identical in character to Plaintiff's Works and is sold in the same channels of commerce at a fraction of the price of Plaintiff's Works.

40. Tyree offers its Infringing Merchandise to the same customers as the distributors, boutiques, jewelry stores, and major retailers to which Plaintiff sells its merchandise.

41. Tyree's sale of its Infringing Merchandise competes with the boutiques, jewelry stores, and major retailers that purchase Plaintiff's Works or other merchandise, which

10

competing boutiques, jewelry stores, and major retailers are located and may display the Infringing Merchandise and use Plaintiff's Marks in near proximity to Tyree.

42. Tyree's unauthorized use of a mark identical or substantially similar to Plaintiff's Marks in interstate commerce in connection with the Infringing Merchandise was and is intended to and will likely confuse, deceive, or cause mistake among purchasers of the Infringing Merchandise and Plaintiff's Works as to the source, origin, and sponsorship thereof and the association of Plaintiff therewith, and has and will continue to harm Plaintiff's goodwill and adversely affect Plaintiff's ability to conduct interstate commerce.

43. Tyree's infringement of Plaintiff's Marks is intentional.

44. Tyree's intentional and willful infringement of Plaintiff's Marks has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT III

### COUNTERFEIT TRADEMARK INFRINGEMENT PURSUANT TO THE LANHAM ACT

45. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 herein as though fully set forth.

46. Tyree is using a counterfeit, non-genuine, and spurious mark which is identical with, or substantially indistinguishable from, Plaintiff's registered THE RONALDO COLLECTION® Mark (referred to herein as "Plaintiff's Registered Mark") by stating that its bracelets are "RONALDO DESIGNER JEWELRY."

47.     Plaintiff's Registered Mark is registered on the Principal Register for use with jewelry, the same goods in connection with which Tyree is using its counterfeit mark in the sale, offer for sale, and distribution of the Infringing Merchandise.

48.     Plaintiff continues to use its Registered Mark in interstate commerce.

49.     Tyree's use of its counterfeit mark is not on or in connection with goods for which Tyree was, at the time of production or at any time, authorized by Plaintiff to use Plaintiff's Registered Mark.

50.     Tyree's use of its counterfeit mark in commerce was intentional and with knowledge that such mark was a counterfeit.

51.     Tyree's use of its counterfeit mark is likely to confuse, deceive, or cause mistake among purchasers of the Infringing Merchandise.

52.     Tyree's use of its counterfeit mark has and will continue to harm Plaintiff's goodwill and adversely affect Plaintiff's ability to conduct interstate commerce.

53.     Tyree's intentional and willful use of its counterfeit mark has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT IV

### TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION PURSUANT TO THE LANHAM ACT

54.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 53 herein as though fully set forth.

55.     Beginning in or about 1991, Plaintiff, initially through its predecessor in interest, developed its line of distinctive handmade jewelry associated with its registered THE RONALDO COLLECTION® and its common law RONALDO marks.

56.     Plaintiff's jewelry designs are characterized by a consistent combination of design features that give the Ronaldo jewelry line a distinctive look that is immediately identifiable and serves to associate the source of the jewelry works with Plaintiff and its brand.

57.     The consistent design features of the Ronaldo jewelry line give each bracelet common features and enhance the compatibility and collectability of the jewelry creations, such that they can be worn together to create a wrist wrapping stack of bracelets that, while different, have an overall consistency in look and feel.

58.     The design features which comprise the trade dress of Plaintiff's jewelry works include a combination of square, diamond and round cut 18-20 gauge gold artist's wire and sterling silver wire, which when used in a twisted form has approximately 8-10 twists per inch and use 18 gauge half round wrap to form the hook clasps.  The clasps have the distinctive, signature shape of a house, having at least six equal horizontal wraps and then wraps that taper to a point, like the roof of a house, to meet the hook and eye sides of the closure.  Bracelets that feature gemstones or pearls incorporate stones and pearls that are 5-6 millimeters in size, and are set in the bracelet using a distinctive "window" frame for each stone or pearl; four wire wraps flank the windows with two wraps in between each pearl or stone.  Bracelets which incorporate flat stones or bugle bead stones use stones that are 4 by 13 millimeters. Pattern bar bracelets feature a flat pattern bar bordered by a square and twisted signature gold and/or silver wire wrap, with five sets of wraps, each three wraps around.  By using gold and silver wire and stones and/or pearls of similar dimensions and consistent number of wraps to frame jewels and embellish pattern bars, all Ronaldo bracelets share a recognizable look that identifies their source.  These design features (referred to herein as Plaintiff's "Trade Dress") are not essential to

13

the function of the jewelry, nor are they essential to the cost, quality, or manufacturing thereof, which it sells and markets in interstate commerce.

59. Plaintiff's jewelry designs and Trade Dress have been promoted in over 50,000 catalogs, featured in *Who's Who in America,* promoted extensively on the Internet, through Plaintiff's website, and including, but not limited to, a total exposure of 1.4 million on Facebook. Plaintiff's jewelry designs are displayed in many trade shows across the country including, but not limited to, the Trans World Trade Show in Chicago, Helen Pratt Trade Show in Memphis and New Orleans, the Atlanta Gift and Jewelry Trade Show, the Las Vegas Trade Show, the San Francisco Jewelry Gift Show and many others and at the Academy Awards Luxury Room. Plaintiff displays its jewelry designs at approximately 40 art fairs, as well as in displays for large retail stores such as Dillards, Lazarus, Boynton, and Carson Pirie Scott. Through Plaintiff's extensive sales and marketing efforts over nearly two decades, wholesale and retail consumers of Plaintiff's line of distinctive bracelets recognize the overall look and feel of Plaintiff's Trade Dress as being associated solely with and emanating solely from a single source, namely Plaintiff.

60. Upon information and belief, at the time Plaintiff entered the jewelry market in or around 1991, Plaintiff was the first to produce a line of jewelry that incorporates the Trade Dress described herein, and remained the exclusive producer of such products and the exclusive user of its distinctive Trade Dress until approximately 2012 when companies, such as Tyree, among others, began plagiarizing Plaintiff's Trade Dress and designs.

61.     Plaintiff vigilantly polices the market for infringements of its copyrights, trademarks, and Trade Dress, and through litigation and cease and desist letters has been successful in stopping numerous infringements.

62.     Plaintiff is the owner of all right, title, and interest in and to its Trade Dress and has not licensed or otherwise authorized Defendants to reproduce, manufacture, import, display, market, sell, or distribute Plaintiff's Works or any derivative work or to reproduce, publish, display, distribute, transmit, or otherwise use Plaintiff's Trade Dress in the marketing of the Infringing Merchandise.

63.     Plaintiff's Trade Dress, including the design, appearance, styling, look, and feel of Plaintiff's Works, which include but are not limited to the design elements described above, individually or in combination, are unique, arbitrary, non-functional, and inherently distinctive. The inherent distinctiveness of Plaintiff's Works is used and understood to identify Plaintiff's brand, to distinguish Plaintiff's goods from those manufactured or sold by others, and to indicate the source and origin of these goods.

64.     Plaintiff's Trade Dress, including the design, appearance, styling, look and feel of Plaintiff's Works, which includes but is not limited to the design elements described above, individually or in combination, which elements are not essential to the use of the product, could be replaced by other alternative design features without affecting the functionality of the product, do not materially affect the cost of the product, and create no significant non-reputation related disadvantage to competitors.

65.     For over two decades, Plaintiff and its predecessor in interest have extensively advertised and promoted its distinctive jewelry designs, and Trade Dress and expended great

15

time, effort, and millions of dollars in connection therewith. Plaintiff promotes its jewelry line in catalogs, trade shows, and markets including at AmericasMart in Atlanta, trade publications and on the Internet. Through these marketing devices, Plaintiff presents the consistent overall design, configuration and construction, and overall image and appearance of its jewelry line as a source-identifying symbol of jewelry produced by and originating from a single source, namely Plaintiff.

66. As a result of Plaintiff's substantial, continuous, and extensive advertising, promotion, and sales, the Trade Dress of its Ronaldo jewelry line has acquired secondary meaning so that it identifies Plaintiff's goods, and distinguishes them from goods manufactured by others. The Trade Dress has acquired source-identifying meaning and valuable goodwill, all of which operates for the benefit of Plaintiff. Plaintiff's Trade Dress is widely and favorably accepted and recognized as identifying Plaintiff and its goods, or at least the goods of a single source, albeit an anonymous one.

67. Defendants' infringement of Plaintiff's Trade Dress is intentional.

68. Defendants have, through their infringement of Plaintiff's Works, Marks, and Trade Dress, and the other conduct described above, engaged in unfair and deceptive trade practices and unfair competition in violation of Section 43(a) of the Lanham Act.

69. Upon information and belief, Defendants have been reproducing, copying, distributing, importing, promoting, advertising, and otherwise placing on the market in interstate commerce the Infringing Merchandise since at least as early as April 24, 2013, and have willfully and deliberately sought to benefit from, and to trade upon, the good works, good name,

good reputation and goodwill of Plaintiff, and upon Plaintiff's Works, Marks, and Trade Dress, all to Plaintiff's damage and detriment.

70.    Defendants' commercial advertising, promotion, and use of Plaintiff's Works, Marks, and Trade Dress, alone or in combination with Plaintiff's other intangible property and assets, constitutes a false or misleading description of fact, false designation of origin, palming off and unfair competition that is likely to deceive, and that has in fact deceived, actual and potential customers into believing that the Infringing Merchandise originate with Plaintiff, or are made by Plaintiff, or are rendered by Defendants as authorized agents of, or in association or affiliation with or under the sponsorship of Plaintiff.  As a result of this false advertising, false designation of origin, palming off, and unfair competition, Plaintiff's base of customers and its ability to build upon said base has been diverted from Plaintiff.

71.    The Infringing Merchandise are unauthorized, inferior reproductions of Plaintiff's Works and infringe upon Plaintiff's Marks and Trade Dress and its other intellectual property and proprietary rights.

72.    Cheap copies of Plaintiff's most popular lines are saturating the market, unfairly competing with Plaintiff's quality goods and depressing to the point of near eradication the demand for Plaintiff's more expensive products.

73.    Plaintiff has no control over the quality or craftsmanship of Defendants' Infringing Merchandise, or the use of Plaintiff's Works, Marks or Trade Dress by Defendants. Defendants' failure to produce jewelry evincing the quality of Plaintiff's jewelry, including but not limited to Plaintiff's Works, as well as any other failure, neglect, or default by Defendants in conjunction with the manufacture, distribution, sale, marketing, and customer service of the

17

Infringing Merchandise in association with (but without authorization) Plaintiff's Works, Marks, and Trade Dress will reflect adversely on Plaintiff as the perceived provider thereof, and will thus hamper Plaintiff's efforts to protect its outstanding reputation for high quality in design, metalwork, aesthetics, composition, and construction that represent the reputation and goodwill of Plaintiff's distinctive handcrafted jewelry lines. This has resulted and will continue to result in lost business and damage to Plaintiff's reputation and goodwill.

74. Defendants' intentional and willful infringement of Plaintiff's Works, Marks, and Trade Dress, false designation of origin, palming off, and unfair competition has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT V

## UNFAIR COMPETITION

75. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 74 herein as though fully set forth.

76. Defendants have, through the conduct described above, engaged in unfair trade practices and unfair competition.

77. Upon information and belief, Defendants have been reproducing, copying, distributing, and otherwise placing on the market the Infringing Merchandise since at least as early as April 24, 2013, and engaging in the above-mentioned conduct with the intent to misappropriate the labors and expenditures of Plaintiff and confuse or deceive purchasers as to the source or origin of the Infringing Merchandise for Defendants' own unfair profit.

78.     Defendants' conduct is likely to cause confusion or deceive purchasers of the Infringing Merchandise as to the source or origin of the Infringing Merchandise and upon information and belief, has caused such confusion and deception.

79.     Defendants have willfully and deliberately sought to benefit from, and to trade upon, the good works, good name, and good reputation of Plaintiff, all to Plaintiff's financial damage and detriment, including by injuring and impairing the goodwill and reputation of Plaintiff in excess of any jurisdictional minimum of this Court.

80.     Defendants' unfair competition will continue unless enjoined by this Court.

WHEREFORE, Plaintiff demands as follows:

1.     That a temporary restraining order and permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from infringing Plaintiff's Works and from manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market the Infringing Merchandise and, thus, using Plaintiff's Works without authorization;

2.     That a temporary restraining order and permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from infringing Plaintiff's Marks, and Trade Dress, whether in connection with the Infringing Merchandise or otherwise, without authorization;

3.     That a temporary restraining order and permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from engaging in the unfair competition and deceptive trade practices described above;

4.      That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' infringement;

5.      That Defendants be ordered to surrender to Plaintiff all property, tangible and intangible including, but not limited to all goods, merchandise and materials which infringe upon Plaintiff's Works, Marks, or Trade Dress, and all tooling, templates, patterns, or other means and media used by Defendants to copy, manufacture, reproduce, publish, display, distribute, transmit, market, promote, license, and sell Defendants' Infringing Merchandise;

6.      That Plaintiff be awarded actual damages and profits or statutory damages against Defendants, in an amount to be determined, subject to Plaintiff's election with respect thereto;

7.      That Defendants be required to pay treble damages for their violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, or such other applicable law.

8.      That Defendants be compelled to pay Plaintiff's costs and attorney fees incurred in connection with this action;

9.      That Plaintiff be awarded prejudgment interest pursuant to the Lanham Act, 15 U.S.C. § 1117(b).

10.      Trial by jury of all issues so triable; and

11.      All other and further relief to which Plaintiff may otherwise be entitled.

Respectfully submitted,

ELLIE B. WORD, MSB# 100408
ALEC M. TAYLOR, MSB# 102874
KREBS, FARLEY & PELLETERI, PLLC
One Jackson Place
188 E. Capitol Street, Suite 900
Jackson, Mississippi 39201
601-968-6710 (telephone)
601-968-6708 (facsimile)
eword@kfplaw.com
ataylor@kfplaw.com
*Attorneys for Plaintiff, Ronaldo Designe*
*r Jewelry, Inc.*

21

## VERIFICATION

I hereby verify that all of the information contained in the foregoing Complaint is true to the best of my knowledge, information and belief.

_Ronnie E. Needham_

RONNIE E. NEEDHAM, President of
RONALDO DESIGNER JEWELRY, INC.

4/30/2013

STATE OF INDIANA )
) ss
COUNTY OF FLOYD )

Subscribed and sworn to before me by RONNIE E. NEEDHAM, President of RONALDO DESIGNER JEWELRY, INC. on April __30__, 2013.

My Commission expires: _Jan. 1, 2016_.

_Jo Ellen Peers_
Notary Public

JO ELLEN PEERS
NOTARY PUBLIC, STATE OF INDIANA
FLOYD COUNTY
MY COMMISSION EXP. JAN 1, 2016

22

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RONALDO DESIGNER JEWELRY, INC.                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. _____

MICHAEL TYREE
D/B/A LISA'S JEWELRY & GIFTS
D/B/A BENCHE JEWELER and
JOHN DOES Numbers 1 through 99                                    DEFENDANTS

## EXHIBIT LIST - VERIFIED COMPLAINT

**EXHIBIT A**        In or about March, 2013, Plaintiff created its works known as "The Spring
Time Bracelet" and the "The Embrace Bracelet," which are decorative bracelets, photographs of
which are reproduced below, and incorporated herein by reference as Exhibit A. (These items
are collectively referred to herein as "Plaintiff's Works.")

 

**EXHIBIT B**        On or about April 26, 2013, Plaintiff applied to the United States
Copyright office to register its "The Embrace Bracelet" Work, a copy of which application is
attached hereto as Exhibit B. Plaintiff has not yet received the Federal Copyright Certificate
therefor.

**EXHIBIT C**       On or about April 26, 2013, Plaintiff applied to the United States Copyright Office to register its "The Spring Time Bracelet" Work, a copy of which application is attached hereto as Exhibit C. Plaintiff has not yet received the Federal Copyright Certificate therefor.

**EXHIBIT D**       Plaintiff has learned that Defendants have been copying, reproducing, manufacturing, importing, distributing, displaying, marketing, and selling metal bracelets which are substantially similar to the protected Plaintiff's Works referenced above, photographs of which are reproduced below, and incorporated collectively herein by reference as Exhibit D (These items are collectively referenced herein as the "Infringing Merchandise").



2

**EXHIBIT E**     Plaintiff is the owner of a federally registered trademark for goods in International Classes 3 and 14: THE RONALDO COLLECTION® (Reg. No. 4,253,554) for jewelry and jewelry cleaning solution (referred to herein as the "Trademark Registration"). A copy of which Trademark Registration is attached hereto and incorporated herein by reference as Exhibit E.

EXHIBIT A

 

**The Spring Time Bracelet**

**The Embrace Bracelet**

EXHIBIT B

*-APPLICATION-*

## Title
**Title of Work:** The Embrace Bracelet

## Completion/Publication
**Year of Completion:** 2013

**Date of 1st Publication:** March 24, 2013    **Nation of 1st Publication:** United States

## Author
**Author:** Ronaldo Designer Jewelry, Inc.

**Author Created:** jewelry design

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Ronaldo Designer Jewelry, Inc.

430 Scenic View Dr., Laconia, IN, 47135, United States

## Rights and Permissions
**Organization Name:** Seiller Waterman LLC

**Name:** Kyle Anne Citrynell

**Email:** citrynell@derbycitylaw.com    **Telephone:** 502-584-7400

**Address:** 462 S. 4th St.

22nd Floor

Louisviille, KY 40202  United States

## Certification
**Name:** Kyle Anne Citrynell

**Date:** April 26, 2013

**Applicant's Tracking Number:** 209647-001

**Registration #:**

**Service Request #:**   1-926951150

**Priority:**   Routine                    **Application Date:**   April 26, 2013 06:56:49 PM

## Correspondent

**Organization Name:** Seiller Waterman LLC

**Name:** Kyle Anne Citrynell

**Email:** citrynell@derbycitylaw.com                    **Telephone:** 502-584-7400

**Address:** 463 S. 4th St.
22nd Floor
Louisville, KY 40202 United States                    **Fax:** 502-583-2100

## Mail Certificate

Seiller Waterman LLC
Kyle Anne Citrynell
462 S. 4th St.
22nd Floor
Louisville, KY 40202



## FW: Acknowledgement of Uploaded Deposit

Kyle Anne Citrynell
**Sent:** Friday, April 26, 2013 5:40 PM
**To:** Laura L. Bevarly

Kyle Anne Citrynell

Meidinger Tower, 22nd Floor
462 S. Fourth St.
Louisville, KY  40202
Office 502.584.7400
Fax 502.583.2100
E-mail: citrynell@derbycitylaw.com
Website: www.derbycitylaw.com
This message, together with any attachments, is intended only for the use of the
individual or entity to which it is addressed and may contain information that is
legally privileged, confidential and exempt from disclosure. If you are not the
intended recipient, you are hereby notified that any dissemination, distribution, or
copying of this message, or any attachment, is strictly prohibited. If you have
received this message in error, please notify the original sender or the Law Office
of Seiller Waterman LLC (502-584-7400) immediately by telephone or by return E-mail
and delete this message, along with any attachments, from your computer.
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the
IRS, we inform you that any tax advice contained in this communication (including
any attachments) was not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed
herein.


-----Original Message-----
From: Copyright Office [mailto:cop-rc@loc.gov]
Sent: Friday, April 26, 2013 5:37 PM
To: Kyle Anne Citrynell
Subject: Acknowledgement of Uploaded Deposit


THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright
Office (ECO) System.

 The following files were successfully uploaded for service request 1-926951150

File Name :embrace.jpg
File Size :48 KB
Date/Time :4/26/2013 5:25:51 PM


[THREAD ID: 1-FBXIFJ]

United States Copyright Office

## FW: Confirmation of Receipt

Kyle Anne Citrynell
**Sent:** Friday, April 26, 2013 5:40 PM
**To:** Laura L. Bevarly


Kyle Anne Citrynell

Meidinger Tower, 22nd Floor
462 S. Fourth St.
Louisville, KY  40202
Office 502.584.7400
Fax 502.583.2100
E-mail: citrynell@derbycitylaw.com
Website: www.derbycitylaw.com
This message, together with any attachments, is intended only for the use of the individual
or entity to which it is addressed and may contain information that is legally privileged,
confidential and exempt from disclosure.  If you are not the intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this message, or any
attachment, is strictly prohibited.  If you have received this message in error, please
notify the original sender or the Law Office of Seiller Waterman LLC (502-584-7400)
immediately by telephone or by return E-mail and delete this message, along with any
attachments, from your computer.
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS, we
inform you that any tax advice contained in this communication (including any attachments)
was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.


-----Original Message-----
From: Copyright Office [mailto:noreply@loc.gov]
Sent: Friday, April 26, 2013 5:24 PM
To: Kyle Anne Citrynell
Subject: Confirmation of Receipt


THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.

Your application and payment for the work The Embrace Bracelet were received by the U.S.
Copyright Office on 04/26/2013.

PLEASE NOTE:  Your submission is not complete until you upload or mail the material you are
registering. To do so, logon to eCO (https://eco.copyright.gov/eService_enu/) and click on
case number 1-926951150 in the Open Cases table. Follow the instructions to either upload a
digital copy or mail a physical copy (with shipping slip attached) of the work being
registered. Additional instructions and requirements for submitting the material being
registered can be found at http://www.copyright.gov/eco/tips/.

SHIPPING SLIPS:  If you mail physical copies of the material being registered, the effective
date of registration will be based on the date on which we receive the copies WITH
CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My
Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-926951150. If you have
questions or need assistance, Copyright Office contact information can be found at
http://www.copyright.gov/help/index.html#general.

United States Copyright Office

EXHIBIT C

# *-APPLICATION-*

## Title ────────────────────────────────────────────

Title of Work: The Spring Time Bracelet

## Completion/Publication ────────────────────────────

Year of Completion: 2012

Date of 1st Publication: March 26, 2013        Nation of 1st Publication: United States

## Author ───────────────────────────────────────────

■        Author: Ronaldo Designer Jewelry, Inc.

Author Created: jewelry design

Work made for hire: Yes

Citizen of: United States          Domiciled in: United States

## Copyright claimant ───────────────────────────────

Copyright Claimant: Ronaldo Designer Jewelry, Inc.

430 Scenic View Dr., Laconia, IN, 47135, United States

## Rights and Permissions ───────────────────────────

Organization Name: Seiller Waterman LLC

Name: Kyle Anne Citrynell

Email: citrynell@derbycitylaw.com          Telephone: 502-584-7400

Address: 462 S. 4th St.

22nd Floor

Louisviille, KY 40202 United States

## Certification ────────────────────────────────────

Name: Kyle Anne Citrynell

Date: April 26, 2013

Applicant's Tracking Number: 209647-001

**Registration #:**

**Service Request #:** 1-927022453

**Priority:** Routine          **Application Date:** April 26, 2013 07:00:10 PM

## Correspondent

**Organization Name:** Seiller Waterman LLC

**Name:** Kyle Anne Citrynell

**Email:** citrynell@derbycitylaw.com        **Telephone:** 502-584-7400

**Address:** 463 S. 4th St.
22nd Floor
Louisville, KY 40202 United States      **Fax:** 502-583-2100

## Mail Certificate

Seiller Waterman LLC
Kyle Anne Citrynell
462 S. 4th St.
22nd Floor
Louisville, KY 40202







FW: Confirmation of Receipt                                                          Page 1 of 1

## FW: Confirmation of Receipt

**Kyle Anne Citrynell**
**Sent:** Friday, April 26, 2013 5:40 PM
**To:**  Laura L. Bevarly


Kyle Anne Citrynell

Meidinger Tower, 22nd Floor
462 S. Fourth St.
Louisville, KY  40202
Office 502.584.7400
Fax 502.583.2100
E-mail: citrynell@derbycitylaw.com
Website: www.derbycitylaw.com

This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited.  If you have received this message in error, please notify the original sender or the Law Office of Seiller Waterman LLC (502-584-7400) immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer.
IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


-----Original Message-----
From: Copyright Office [mailto:noreply@loc.gov]
Sent: Friday, April 26, 2013 5:30 PM
To: Kyle Anne Citrynell
Subject: Confirmation of Receipt


THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.

Your application and payment for the work The Spring Time Bracelet were received by the U.S. Copyright Office on 04/26/2013.

PLEASE NOTE:  Your submission is not complete until you upload or mail the material you are registering. To do so, logon to eCO (https://eco.copyright.gov/eService_enu/) and click on case number 1-927022453 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/tips/.

SHIPPING SLIPS:  If you mail physical copies of the material being registered, the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-927022453. If you have questions or need assistance, Copyright Office contact information can be found at http://www.copyright.gov/help/index.html#general.

United States Copyright Office

## FW: Acknowledgement of Uploaded Deposit

**Kyle Anne Citrynell**
**Sent:** Friday, April 26, 2013 5:41 PM
**To:** Laura L. Bevarly


Kyle Anne Citrynell

Meidinger Tower, 22nd Floor
462 S. Fourth St.
Louisville, KY 40202
Office 502.584.7400
Fax 502.583.2100
E-mail: citrynell@derbycitylaw.com
Website: www.derbycitylaw.com

This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Law Office of Seiller Waterman LLC (502-584-7400) immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer.
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


-----Original Message-----
From: Copyright Office [mailto:cop-rc@loc.gov]
Sent: Friday, April 26, 2013 5:37 PM
To: Kyle Anne Citrynell
Subject: Acknowledgement of Uploaded Deposit


THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-927022453

File Name :the spring time front.jpg
File Size :45 KB
Date/Time :4/26/2013 5:31:05 PM

File Name :spring time side.jpeg
File Size :34 KB
Date/Time :4/26/2013 5:31:05 PM

File Name :spring time back.jpeg
File Size :35 KB
Date/Time :4/26/2013 5:31:05 PM


[THREAD ID: 1-FBXOHW]

United States Copyright Office

EXHIBIT D



EXHIBIT E

# United States of America
## United States Patent and Trademark Office

# THE RONALDO COLLECTION

**Reg. No. 4,253,554**

RONALDO DESIGNER JEWELRY, INC. (INDIANA CORPORATION)
P.O. BOX 27

**Registered Dec. 4, 2012**   LACONIA, IN 471350027

**Int. Cls.: 3 and 14**

FOR: SOLUTION FOR CLEANING JEWELRY, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

**TRADEMARK**

FIRST USE 11-25-2011; IN COMMERCE 11-25-2011.

**PRINCIPAL REGISTER**

FOR: JEWELRY , IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 4-16-1999; IN COMMERCE 4-16-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLECTION", APART FROM THE MARK AS SHOWN.

SER. NO. 85-597,725, FILED 4-13-2012.

ROSELLE HERRERA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office